**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**United States of America,**

    v.                                                         **Case No. 2:16-cv-240**

**Shumuye Abera-Shewit,**                       **Judge Michael H. Watson**

    **Defendant.**

## OPINION AND ORDER

After pleading guilty to conspiring to possess with the intent to distribute marijuana, Defendant was sentenced to seventy-five months in prison and thirty-six months of supervised release. Judgment, ECF No. 36. Defendant has served more than twenty months of his supervised release term and moves for early termination of supervised release. Mot., ECF No. 45.

Under 18 U.S.C. § 3583(e)(1), the Court may terminate a term of supervised release after one year if "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Section 3583(e) directs the Court to consider certain Section 3553(a) factors in making its decision.[1]

---

[1] The factors the Court must consider are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence to criminal conduct; (3) the need to protect the public from further crimes of the defendant; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the kinds of sentence and the sentencing range established in the guidelines; (6) any pertinent policy statement issued by the Sentencing Commission; and (7) the need to avoid unwarranted sentence disparities; and (8) the need to provide

Defendant stresses that he has complied with all conditions of supervised release, including testing negative for illicit substances and maintaining employment.  Mot., ECF No. 45.  He also states that he has completed a drug treatment program and attends mentorship meetings with a pastor.  *Id.*

The Government responds that Defendant's motion "has some merit[,]" noting Defendant's Probation Officer confirmed that Defendant reports regularly, has had no new criminal charges, and has maintained full-time employment.  Resp. 2, ECF No. 46.  The Probation Officer apparently reports that Defendant's mental health is stable, Defendant has largely tested negative for controlled substances, has completed a cognitive behavioral therapy program, and has indeed attended mentoring events.  *Id.*  The Probation Officer has no objection to early termination, and the Government has also not objected.

After considering the pertinent § 3553(a) factors, the Court concludes that early termination is warranted by Defendant's conduct and is in the interest of justice.  As to the § 3553(a) factors, the Court notes only that Defendant's seventy-five-month term of incarceration, coupled with serving almost two-thirds of the period of supervised release, will provide both general and specific deterrent and that there is no need to protect the public from further crimes by

---

restitution to any victims of the offense.  18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

Defendant.  Accordingly, Defendant's motion is **GRANTED**, and the Court **TERMINATES** the remainder of his supervised release.

    **IT IS SO ORDERED.**

                              */s/ Michael H. Watson*
                            **MICHAEL H. WATSON, JUDGE**
                            **UNITED STATES DISTRICT COURT**